SCOTT PACTOR
California State Bar No. 216629
110 W. C st. Ste. 2108
San Diego, CA. 92101
Phone 619 260 2636
Fax 619 260 0058
Email scottpactor@yahoo.com

*Attorney for Defendant Ernest Guerrero*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE IRMA E. GONZALEZ**)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) Date: July 15th, 2008 |
| | ) Time: 9: 30 S.M. |
| Plaintiff, | ) Case No.: 08cr2034-IEG |
| vs. | ) Dept:  Magistrate Papas |
| | ) |
| Ernest Guerrero, | ) **Reply and Opposition to Motion** |
| | ) **for Videotaped Deposition of** |
| Defendant | ) **Material Witness** |
| | ) |

**TO:  Karen Hewitt, United States Attorney for the District of Arizona and Michelle Petit, Assistant United States Attorney and Wayne Mayer, Attorney for Material Witness Jose Gonzaga**

I.

**STATEMENT OF FACTS**

On June 23rd, 2008, counsel for material witness Jose Gonzaga filed a motion to compel a video taped deposition because the witness is unable to secure a release via bond. Counsel indicates that Mr. Gonzaga is unable to secure his release because he has no friends or family willing to sign for

1

his bond. Defense counsel wishes to investigate the claim of the material witness that he has no relatives in the United States that could post bond for him.   The declaration signed by the petitioner states, "He indicated to me he has no family or friends in the United States that could assist the witness (sic) in posting a material witness bonds." Declaration of Attorney Wayne C. Mayer in Support of Material Witness Jose Guadalupe Gonzaga Ceja's Motion for Videotaped Deposition. The material witness will not be unduly affected by time spent to investigate a fundamental basis for his video taped deposition.

Defense counsel has not attempted to interview the material witness in this case because we do not have complete discovery, have not yet conducted meaningful defense investigation and have not yet formulated a theory of the defense complete and sufficient to conduct a meaningful examination of the material witness.   Defense counsel wishes to investigate the claim of the material witness that he has no relatives in the United States that could post bond for him.

There is no information in the motion about specifics regarding the reasons for the witnesses illegal entry into the United States nor the potential hardship caused by their continued detention as a material witness.   There is no information regarding the number of prior illegal entries or attempted illegal entries by the witness.

**II.**

**THE MOTION FOR MATERIAL WITNESS DEPOSITION SHOULD BE DENIED BECAUSE SUCH DEPOSITIONS WOULD VIOLATE THE DEFENDANTS SIXTH AMENDMENT RIGHT TO CONFRONTATION, THE MOTION IS PREMATURE AND THERE HAS BEEN NO SHOWING OF WITNESS UNAVAILABILITY**

Title 18 section 3144 governs the detention of individuals who may give testimony material to a criminal proceeding.  This section provides that where the witness is not able to meet conditions of the bond set by the court and is detained, the court may order the deposition of the witness where 1) deposition may secure the testimony of the witness and 2) further detention is not necessary to prevent a failure of justice.  18 U.S.C. sec. 3144.  In this case, the Court should allow sufficient time to determine whether Mr. Gonzaga does have family or friends that can post bond for him.

A.    The Deposition of Petitioner Would Violate the Confrontation Clause of the Sixth Amendment

The material witness deposition poses a threat to the defendant's sixth amendment rights.  United States v. Drougal, 1 F. 3d 1546, 1551-1552(11th Cir. 1993.) Criminal depositions are authorized only when doing so is "necessary to achieve justice and may be consistent with the defendant's constitutional rights.  Id. at 1551. See Fed R. Crim. Pro. 15(a). The Supreme Courts decision in Crawford v. Washington 541 U.S. 36 (2004) reaffirmed the principal- developed at common law, and incorporated into the Confrontation Clause of the Sixth

Amendment by the Framers – that testimonial against a defendant where the defendant has not had the opportunity to cross-examine the declarant.  This is true even when the statements fall within in a "firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness." Id. at 60.

In situations where a video taped deposition is requested, the burden is on the moving part to establish exceptional circumstances justifying the taking of a deposition.  Drougal 1 F. 3d 1546 at 1552 (citing United States v. Fuentes-Galindo 929 F. 2d 1507, 1510 (10th Cir. 1991))  The discretion of the trial court is guided by consideration of "critical factors,"  such as (1) whether the witness will be unavailable to testify at trial; (2) injustice will result because testimony to Mr. Guerrero's case will be absent; and (3) countervailing factors render taking the deposition unjust to the moving party. Id. at 1552.

Here, there is a possibility that the material witness is misrepresenting the nature of his relationship with the United States in an attempt to obtain a direct release to Mexico.

Mr. Guerrero believes that the material witnesses' testimony may put the legitimacy of the prosecution in grave doubt in the eyes of the jury.  It is important for the jury to see the reaction and demeanor of the material witness when confronted with questions that will bring in such facts in order for the jury to decide whether to believe his statements and/or how much credit to give to the testimony.  The jury's ability to

make such an assessment would be compromised by a videotape tape deposition because the tape may not preserve subtle reactions of the witness under cross-examination that may favor the accused.

Mr. Guerrero further suggests that the material witness may, in fact, have substantial ties to the United States including the possibility of family and friends in the San Diego area. Mr. Guerrero, and the material witness himself, should be granted additional time to determine whether the material witness does in fact have someone who can obtain his release from custody.. *See* Fed. R. Crim. P. 16(a)(1)(D).

B.   <u>The Motion to Depose Material Witnesses is Premature Because Parties Need Time to Establish the Witnesses Actual Ties to the United States</u>

Mr. Guerrero is actively investigating whether substantial portions of the declaration of the material witness are in fact, not true.  This investigation goes to the heart of the liberty interest of the petitioner.

C.   <u>The Motion for Deposition Should be Dismissed Because There Has Been No Showing of the Unavailability of Witness</u>

If the material witness does have substantial ties in the San Diego area, he might be eligible to be released on bond or on his own recognizance. Conditions for release of material witnesses are governed by 18 U.S.C. sec. 3142.  Under this section, "[t]he judicial officer shall order the pretrial

release of the person on personal recognizance, or upon execution of an unsecured personal appearance bond… unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required." 18 U.S.C. sec. 3142(b)(2004).   Clearly, sec. 3142(b) suggests that this Court can order that the material witness can be released on his own recognizance. Or, if he has family in the area, he may be able to bond out.

The Bail Reform Act also states that, "[t]he judicial officer may not impose a financial condition that results in the pretrial detention of the person." 18 U.S.C. sec. 3142(c)(2)(2004).   This mandate, combined with the preference for release upon one's own recognizance, strongly suggests that the proper remedy for release for the material witness in this case is a motion to modify conditions of release, not order a video tape deposition.   It would not prejudice the material witness to allow additional time for such a motion.

Because of the prejudice to Mr. Guerrero's Sixth Amendment Right, would be inappropriately premature, and would fail to meet the underlying procedural requirements – including the unavailability of witnesses – the motion of the material witness should be denied.

IV.

**<u>CONCLUSION</u>**

For the foregoing reasons, Mr. Guerrero respectfully requests that this Court deny the motion for videotaped depositions and voluntary deportation of the material witness Jose Guadalupe Gonzaga Ceja  respectfully requests that the Court order the government to produce discovery and preserve evidence and grant leave to file further motions.


Respectfully Submitted,

/s Scott Pactor

Dated:  July 14th, 2008          Scott Pactor
                                 *Attorney for*
                                 *Ernest Guerrero*

7

SCOTT PACTOR
California State Bar No. 216629
110 W. C st. Ste. 2108
San Diego, CA. 92101
Phone 619 260 2636
Fax 619 260 0058
Email scottpactor@yahoo.com

*Attorney for Defendant Ernest Guerrero*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE IRMA E. GONZALEZ**)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  vs.<br><br>Ernest Guerrero,<br><br>        Defendant | ) Date: July 15th, 2008<br>) Time: 9: 30 S.M.<br>) Case No.: 08cr2034-IEG<br>) Dept:  Magistrate Papas<br>)<br>) **Declaration of Counsel**<br>)<br>)<br>) |

I, Scott Pactor, declare:

I am the attorney appointed to represent defendant Ernest Guerrero in this matter.

I have received and reviewed the Motion for Videotaped Deposition of Material Witness, filed on June 23rd, 2003.  I am continuing investigation into several of the claims made on behalf of the witness in the declaration.  I expect that his

investigation will be complete within the week.  I believe the other parties to this action might also want additional time to review the status of the material witness in this case.

I also think further investigation by the government might be warranted, since the secondary processing record of the material witness in this case clearly shows at least three or four different people with the same name and birth date.  In my experience as a defense lawyer familiar with practice in these cases, I believe that there may be additional immigration or criminal information about this individual located under another name.

On July 14th, I contacted Attorney Jose Tafolla because Attorney Mayer indicated he would be out of town from June 24th, 2008 until July 22nd, 2008.  He indicated he would accept service of this opposition via fax.

I also note that the declaration submitted by counsel is signed "May 22 2008" and that this event occurred on June 3, 2008, making everything contained in the declaration an impossibility.

I make this declaration under penalty of perjury and the laws of the United States and California.

Dated: July 14th, 2008                    /s_Scott Pactor
                                          Scott Pactor
                                          Attorney for
                                          *Ernest Guerrero*

## **CERTIFICATE OF SERVICE**

I, Scott Pactor, hereby certify to the best of my information and belief that by having e-filed the "OPPOSITION TO MOTION FOR VIDEOTAPED DEPOSITION" I have caused a copy of each to have been served via electronic mail upon the following:

Victor_Pippins@fd.org (Victor Pippens), Efile.dkt.gc2@usdoj.gov (Michelle Petit), Wayne Mayer (efiling), Jose Tafolla for Wayne Mayer fax: (619)286-7680.

DATED: 7/14/08

Respectfully Submitted,

/s Scott Pactor
Scott Pactor
Attorney for
Ernest Guerrero

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

SCOTT PACTOR
California State Bar No. 216629
110 W. C st. Ste. 2108
San Diego, CA. 92101
Phone 619 260 2636
Fax 619 260 0058
Email scottpactor@yahoo.com

*Attorney for Defendant Ernest Guerrero*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE IRMA E. GONZALEZ**)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>        vs.<br><br>Ernest Guerrero,<br><br>                Defendant | ) Date: July 15th, 2008<br>) Time: 9: 30 S.M.<br>) Case No.: 08cr2034-IEG<br>) Dept:  Magistrate Papas<br>)<br>) **Reply and Opposition to Motion**<br>) **for Videotaped Deposition of**<br>) **Material Witness** |

TO:  **Karen Hewitt, United States Attorney for the District of Arizona and Michelle Petit, Assistant United States Attorney and Wayne Mayer, Attorney for Material Witness Jose Gonzaga**

I.

**STATEMENT OF FACTS**

On June 23rd, 2008, counsel for material witness Jose Gonzaga filed a motion to compel a video taped deposition because the witness is unable to secure a release via bond. Counsel indicates that Mr. Gonzaga is unable to secure his release because he has no friends or family willing to sign for

his bond. Defense counsel wishes to investigate the claim of the material witness that he has no relatives in the United States that could post bond for him.   The declaration signed by the petitioner states, "He indicated to me he has no family or friends in the United States that could assist the witness (sic) in posting a material witness bonds." Declaration of Attorney Wayne C. Mayer in Support of Material Witness Jose Guadalupe Gonzaga Ceja's Motion for Videotaped Deposition. The material witness will not be unduly affected by time spent to investigate a fundamental basis for his video taped deposition.

Defense counsel has not attempted to interview the material witness in this case because we do not have complete discovery, have not yet conducted meaningful defense investigation and have not yet formulated a theory of the defense complete and sufficient to conduct a meaningful examination of the material witness.  Defense counsel wishes to investigate the claim of the material witness that he has no relatives in the United States that could post bond for him.

There is no information in the motion about specifics regarding the reasons for the witnesses illegal entry into the United States nor the potential hardship caused by their continued detention as a material witness.  There is no information regarding the number of prior illegal entries or attempted illegal entries by the witness.

## II.

**THE MOTION FOR MATERIAL WITNESS DEPOSITION SHOULD BE DENIED BECAUSE SUCH DEPOSITIONS WOULD VIOLATE THE DEFENDANTS SIXTH AMENDMENT RIGHT TO CONFRONTATION, THE MOTION IS PREMATURE AND THERE HAS BEEN NO SHOWING OF WITNESS UNAVAILABILITY**

Title 18 section 3144 governs the detention of individuals who may give testimony material to a criminal proceeding. This section provides that where the witness is not able to meet conditions of the bond set by the court and is detained, the court may order the deposition of the witness where 1) deposition may secure the testimony of the witness and 2) further detention is not necessary to prevent a failure of justice. 18 U.S.C. sec. 3144. In this case, the Court should allow sufficient time to determine whether Mr. Gonzaga does have family or friends that can post bond for him.

A.  The Deposition of Petitioner Would Violate the Confrontation Clause of the Sixth Amendment

The material witness deposition poses a threat to the defendant's sixth amendment rights. United States v. Drougal, 1 F. 3d 1546, 1551-1552(11th Cir. 1993.) Criminal depositions are authorized only when doing so is "necessary to achieve justice and may be consistent with the defendant's constitutional rights. Id. at 1551. See Fed R. Crim. Pro. 15(a). The Supreme Courts decision in Crawford v. Washington 541 U.S. 36 (2004) reaffirmed the principal- developed at common law, and incorporated into the Confrontation Clause of the Sixth

Amendment by the Framers– that testimonial against a defendant where the defendant has not had the opportunity to cross-examine the declarant.  This is true even when the statements fall within in a "firmly rooted hearsay exception" or bear "particularized guarantees of trustworthiness." Id. at 60.

In situations where a video taped deposition is requested, the burden is on the moving part to establish exceptional circumstances justifying the taking of a deposition.  Drougal 1 F. 3d 1546 at 1552 (citing United States v. Fuentes-Galindo 929 F. 2d 1507, 1510 (10th Cir. 1991))  The discretion of the trial court is guided by consideration of "critical factors,"  such as (1) whether the witness will be unavailable to testify at trial; (2) injustice will result because testimony to Mr. Guerrero's case will be absent; and (3) countervailing factors render taking the deposition unjust to the moving party.  Id. at 1552.

Here, there is a possibility that the material witness is misrepresenting the nature of his relationship with the United States in an attempt to obtain a direct release to Mexico.

Mr. Guerrero believes that the material witnesses' testimony may put the legitimacy of the prosecution in grave doubt in the eyes of the jury.  It is important for the jury to see the reaction and demeanor of the material witness when confronted with questions that will bring in such facts in order for the jury to decide whether to believe his statements and/or how much credit to give to the testimony.  The jury's ability to

make such an assessment would be compromised by a videotape tape
deposition because the tape may not preserve subtle reactions of
the witness under cross-examination that may favor the accused.

Mr. Guerrero further suggests that the material witness
may, in fact, have substantial ties to the United States
including the possibility of family and friends in the San Diego
area. Mr. Guerrero, and the material witness himself, should be
granted additional time to determine whether the material
witness does in fact have someone who can obtain his release
from custody.. *See* Fed. R. Crim. P. 16(a)(1)(D).

B.    The Motion to Depose Material Witnesses is Premature
      Because Parties Need Time to Establish the Witnesses
      Actual Ties to the United States

Mr. Guerrero is actively investigating whether substantial
portions of the declaration of the material witness are in fact,
not true.  This investigation goes to the heart of the liberty
interest of the petitioner.

C.    The Motion for Deposition Should be Dismissed Because
      There Has Been No Showing of the Unavailability of
      Witness

If the material witness does have substantial ties in the
San Diego area, he might be eligible to be released on bond or
on his own recognizance. Conditions for release of material
witnesses are governed by 18 U.S.C. sec. 3142. Under this
section, "[t]he judicial officer shall order the pretrial

release of the person on personal recognizance, or upon
execution of an unsecured personal appearance bond… unless the
judicial officer determines that such release will not
reasonably assure the appearance of the person as required." 18
U.S.C. sec. 3142(b)(2004).  Clearly, sec. 3142(b) suggests that
this Court can order that the material witness can be released
on his own recognizance. Or, if he has family in the area, he
may be able to bond out.

The Bail Reform Act also states that, "[t]he judicial
officer may not impose a financial condition that results in the
pretrial detention of the person." 18 U.S.C. sec.
3142(c)(2)(2004).  This mandate, combined with the preference
for release upon one's own recognizance, strongly suggests that
the proper remedy for release for the material witness in this
case is a motion to modify conditions of release, not order a
video tape deposition.  It would not prejudice the material
witness to allow additional time for such a motion.

Because of the prejudice to Mr. Guerrero's Sixth
Amendment Right, would be inappropriately premature, and would
fail to meet the underlying procedural requirements - including
the unavailability of witnesses - the motion of the material
witness should be denied.

IV.

**CONCLUSION**

For the foregoing reasons, Mr. Guerrero respectfully requests that this Court deny the motion for videotaped depositions and voluntary deportation of the material witness Jose Guadalupe Gonzaga Ceja  respectfully requests that the Court order the government to produce discovery and preserve evidence and grant leave to file further motions.

Respectfully Submitted,

/s Scott Pactor

Dated:  July 14th, 2008              Scott Pactor
                                     *Attorney for*
                                     *Ernest Guerrero*

SCOTT PACTOR
California State Bar No. 216629
110 W. C st. Ste. 2108
San Diego, CA. 92101
Phone 619 260 2636
Fax 619 260 0058
Email scottpactor@yahoo.com

*Attorney for Defendant Ernest Guerrero*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE IRMA E. GONZALEZ**)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>Ernest Guerrero,<br><br>          Defendant | ) Date: July 15th, 2008<br>) Time: 9: 30 S.M.<br>) Case No.: 08cr2034-IEG<br>) Dept:  Magistrate Papas<br>)<br>) **Declaration of Counsel**<br>)<br>)<br>) |

_____

     I, Scott Pactor, declare:

     I am the attorney appointed to represent defendant Ernest Guerrero in this matter.

     I have received and reviewed the Motion for Videotaped Deposition of Material Witness, filed on June 23rd, 2003.  I am continuing investigation into several of the claims made on behalf of the witness in the declaration.  I expect that his

investigation will be complete within the week.  I believe the other parties to this action might also want  additional time to review the status of the material witness in this case.

I also think further investigation by the government might be warranted, since the secondary processing record of the material witness in this case clearly shows at least three or four different people with the same name and birth date.  In my experience as a defense lawyer familiar with practice in these cases, I believe that there may be additional immigration or criminal information about this individual located under another name.

On July 14th, I contacted Attorney Jose Tafolla because Attorney Mayer indicated he would be out of town from June 24th, 2008 until July 22nd, 2008.  He indicated he would accept service of this opposition via fax.

I also note that the declaration submitted by counsel is signed "May 22 2008" and that this event occurred on June 3, 2008, making everything contained in the declaration an impossibility.

I make this declaration under penalty of perjury and the laws of the United States and California.

Dated: July 14th, 2008                    /s_Scott Pactor
                                          Scott Pactor
                                          Attorney for
                                          *Ernest Guerrero*

9

1
2
3
4
5
6
7
8

9                           **CERTIFICATE OF SERVICE**

10        I, Scott Pactor, hereby certify to the best of my

11   information and belief that by having e-filed the "OPPOSITION TO

12   MOTION FOR VIDEOTAPED DEPOSITION"  I have caused a copy of each

13   to have been served via electronic mail upon the following:

14

15
16   Victor_Pippins@fd.org (Victor Pippens), Efile.dkt.gc2@usdoj.gov
     (Michelle Petit), Wayne Mayer (efiling),  Jose Tafolla for Wayne
17   Mayer fax: (619)286-7680.

18   DATED: 7/14/08

                                    Respectfully Submitted,
19

20                                  /s Scott Pactor
                                    Scott Pactor
21                                  Attorney for
                                    Ernest Guerrero
22
23
24
25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Skip Navigation

# US-VISIT
### Secondary Processing

PRINT | CLOSE

## Previous Encounters for FIN ▓▓▓▓▓▓

### Page Summary

| Organization | Count |
|---|---|
| DHS.APPREHEND | 5 |

### DHS APPREHEND

(Click to Enlarge)
Encounter ID: ▓▓▓▓▓



| Bio Data | | |
|---|---|---|
| **Name** | | |
| GONZAGA-CEJA, JOSE | | |
| **DOB** | **Nationality / Birth Place** | **Citizenship** |
| 1985 December 12 | MEXICO / XX | |
| **Gender** | **Race** | **Height (ins.)** |
| M | | |
| **Weight (lbs.)** | **Eye Color** | **Hair Color** |
| | | |

### Status

**Recidivist**

### Derogatory Data

| Source | Charge Code | Type | Entry Date | Expiration Date | User ID |
|---|---|---|---|---|---|
| DHS APPREHEND | | Recidivist | 2006 January 7 12:43 AM | | |
| **Apprehension Method** | **Apprehended By** | | | **Entry Status** | **Time Length** |
| PB | BUSH,ALAN,J | | | PWAM | |

### Transaction Data

| Date Finger Printed | Site Code | Terminal ID | Date Loaded | Reason Finger Printed |
|---|---|---|---|---|
| | CAO | | 2006 January 7 12:43 AM | |

**Go To Top**

149

| DHS  APPREHEND | | | | | | |
|---|---|---|---|---|---|---|
| (Click to Enlarge) Encounter ID: | **Bio Data** | | | | | |
| | **Name** | | | | | |
| | GONZAGA-CEJA,  JOSE | | | | | |
| | **DOB** | | **Nationality / Birth Place** | | **Citizenship** | |
| | 1985 December 12 | | MEXICO / XX | | | |
| | **Gender** | | **Race** | | **Height (ins.)** | |
| | M | | | | | |
| | **Weight (lbs.)** | | **Eye Color** | | **Hair Color** | |
| | | | | | | |

| Status |
|---|
| **Recidivist** |

| Derogatory Data | | | | | |
|---|---|---|---|---|---|
| **Source** | **Charge Code** | **Type** | **Entry Date** | **Expiration Date** | **User ID** |
| DHS APPREHEND | | Recidivist | 2006 January 9 07:18 AM | | |
| **Apprehension Method** | **Apprehended By** | | | **Entry Status** | **Time Length** |
| PB | AGUILAR,JOE,M | | | PWAM | |

| Transaction Data | | | | |
|---|---|---|---|---|
| **Date Finger Printed** | **Site Code** | **Terminal ID** | **Date Loaded** | **Reason Finger Printed** |
| | CAO | | 2006 January 9 07:18 AM | |

**Go To Top**

| DHS  APPREHEND | | | | | | |
|---|---|---|---|---|---|---|
| (Click to Enlarge) Encounter ID: | **Bio Data** | | | | | |
| | **Name** | | | | | |
| | GONZAGA-CEJA,  JOSE | | | | | |
| | **DOB** | | **Nationality / Birth Place** | | **Citizenship** | |
| | 1985 December 12 | | MEXICO / MEXICO | | | |
| | **Gender** | | **Race** | | **Height (ins.)** | |
| | M | | | | | |
| | **Weight (lbs.)** | | **Eye Color** | | **Hair Color** | |
| | | | | | | |

150

| Status | | | | | |
|---|---|---|---|---|---|
| **Recidivist** | | | | | |

| Derogatory Data | | | | | |
|---|---|---|---|---|---|
| **Source** | **Charge Code** | **Type** | **Entry Date** | **Expiration Date** | **User ID** |
| DHS APPREHEND | | Recidivist | 2007 November 28 02:59 AM | | |
| **Apprehension Method** | **Apprehended By** | | | **Entry Status** | **Time Length** |
| AS | SOTO,BERNARDINO | | | PWAM | |

| Transaction Data | | | | |
|---|---|---|---|---|
| **Date Finger Printed** | **Site Code** | **Terminal ID** | **Date Loaded** | **Reason Finger Printed** |
| | CHU | | 2007 November 28 02:59 AM | |

**Go To Top**

| DHS  APPREHEND | |
|---|---|
| (Click to Enlarge) Encounter ID: | |

| Bio Data | | |
|---|---|---|
| **Name** | | |
| GONZAGA-CEJA,  JOSE | | |
| **DOB** | **Nationality / Birth Place** | **Citizenship** |
| 1985 December 12 | MEXICO / MEXICO | |
| **Gender** | **Race** | **Height (ins.)** |
| M | | |
| **Weight (lbs.)** | **Eye Color** | **Hair Color** |
| | | |

| Status | | | | | |
|---|---|---|---|---|---|
| **Recidivist** | | | | | |

| Derogatory Data | | | | | |
|---|---|---|---|---|---|
| **Source** | **Charge Code** | **Type** | **Entry Date** | **Expiration Date** | **User ID** |
| DHS APPREHEND | | Recidivist | 2008 February 1 09:18 AM | | |
| **Apprehension Method** | **Apprehended By** | | | **Entry Status** | **Time Length** |
| PB | MORIARTY,JAMES,A. | | | PWAM | |

151

| Transaction Data | | | | |
|---|---|---|---|---|
| Date Finger Printed | Site Code | Terminal ID | Date Loaded | Reason Finger Printed |
| | IMB | | 2008 February 1 09:18 AM | |

**Go To Top**

## DHS  APPREHEND

| | Bio Data | | |
|---|---|---|---|
| (Click to Enlarge) Encounter ID: | Name | | |
| | GONZAGA-CEJA,  JOSE | | |
| | DOB | Nationality / Birth Place | Citizenship |
| | 1985 December 12 | MEXICO / MEXICO | |
| | Gender | Race | Height (ins.) |
| | M | | |
| | Weight (lbs.) | Eye Color | Hair Color |
| | | | |

### Status

Recidivist_with_Alerts

### Derogatory Data

| Source | Charge Code | Type | Entry Date | Expiration Date | User ID |
|---|---|---|---|---|---|
| DHS APPREHEND | | Removed Alien Alert - Pending Removal | 2008 June 3 10:33 PM | 9999 January 1 12:00 AM | ~~redacted~~ |

| Apprehension Method | Apprehended By | | Entry Status | Time Length |
|---|---|---|---|---|
| PB | GONZALEZ,LUIS | | PWAM | |
| DHS APPREHEND | | Recidivist | 2008 June 3 10:33 PM | |

| Apprehension Method | Apprehended By | Entry Status | Time Length |
|---|---|---|---|
| PB | GONZALEZ,LUIS | PWAM | |

| Transaction Data | | | | |
|---|---|---|---|---|
| Date Finger Printed | Site Code | Terminal ID | Date Loaded | Reason Finger Printed |
| | IMB | | 2008 June 3 10:33 PM | |

152