```
 1  VICTOR N. PIPPINS
    California State Bar No. 251953
 2  FEDERAL DEFENDERS OF SAN DIEGO, INC.
    225 Broadway, Suite 900
 3  San Diego, California 92101-5030
    Telephone: (619) 234-8467
 4
 5  Attorneys for Ms. Soledad Martinez-Jimenez
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE IRMA E. GONZALEZ)**

| UNITED STATES OF AMERICA, | ) | CASE NO. **08CR2034-IEG** |
|---|---|---|
| Plaintiff, | ) | DATE: August 4, 2008 |
| v. | ) | TIME: 2:00 p.m. |
| SOLEDAD MARTINEZ-JIMENEZ, | ) | NOTICE OF MOTIONS AND MOTIONS: |
| Defendant. | ) | (1) TO COMPEL DISCOVERY; AND |
|  | ) | (2) FOR LEAVE TO FILE FURTHER MOTIONS |

TO: KAREN P. HEWITT, UNITED STATES ATTORNEY:
STEPHEN MILLER, ASSISTANT UNITED STATES ATTORNEY.

PLEASE TAKE NOTICE that on August 4, 2008, or as soon thereafter as counsel may be heard, the defendant, Soledad Martinez-Jimenez, by and through her counsel, Victor N. Pippins and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting the following motions.

//
//
//
//
//

## MOTIONS

The defendant, Soledad Martinez-Jimenez, by and through his attorneys, Victor N. Pippins and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order:

1) to compel discovery; and
2) for leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated: July 23, 2008

*/s/ Victor N. Pippins*
**VICTOR N. PIPPINS**
Federal Defenders of San Diego, Inc.
Attorneys for Ms. Martinez-Jimenez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                              )<br>            Plaintiff,                         )<br>                                                              )<br> v.                                                         )<br>                                                              )<br> SOLEDAD MARTINEZ-JIMENEZ,   )<br>                                                              )<br>            Defendant.                     )<br> _____) | Case No. 08CR2034-IEG<br><br>**CERTIFICATE OF SERVICE** |

Counsel for Defendant certifies that the foregoing pleading, is true and accurate to the best of her information and belief, and that a copy of the foregoing has been electronically served this day upon:

**Stephen Miller, Assistant U. S. Attorney**
**U S Attorney CR**
Efile.dkt.gc2@usdoj.gov

mailed to:    Ms. Martinez-Jimenez

Dated: July 9, 2008                                        */s/ Stephen D. Demik*
                                                                    STEPHEN D. DEMIK
                                                                    Federal Defenders of San Diego, Inc.
                                                                    225 Broadway, Suite 900
                                                                    San Diego, CA 92101-5030
                                                                    (619) 234-8467  (tel)
                                                                    (619) 687-2666  (fax)
                                                                    E-mail: Stephen_Demik@fd.org

**VICTOR PIPPINS**
California Bar No. 251953
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5008
Telephone: (619) 234-8467
Victor_Pippins@fd.org

Attorneys for Ms. Soledad Martinez-Jimenez

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

**(HONORABLE IRMA E. GONZALEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>              Plaintiff,  )<br>  )<br>v.  )<br>  )<br>SOLEDAD MARTINEZ-JIMENEZ,  )<br>  )<br>              Defendant.  )<br>_____ ) | CASE NO.: 08cr2034-IEG<br><br>DATE:  August 4, 2008<br>TIME:  2:00 p.m.<br><br><br>STATEMENT OF FACTS AND<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF MOTION |

**I.**

**STATEMENT OF FACTS**

The following statement of facts is based, in part, on materials received from the government. Ms. Martinez-Jimenez does not accept this statement of facts as her own, and reserves the right to take a contrary position at motion hearings and trial. The facts alleged in these motions are subject to amplification and/or modification at the time these motions are heard.

On June 3, 2008, Horse Border Patrol Agent Eleodoro Leyva responded to a seismic intrusion sensor activation in an area known as "The Nineties". This area is approximately 5 miles west of the San Ysidro, California Port of Entry and about 200 yards north of the international border. At about the same time, Agent Leyva was alerted by Border Patrol Agent Monica Monroy that a man and a horse could be found in the area of the sensor activation. Agent Leyva located that individual, who was later identified as Jose Guadalupe Gonzaga-Ceja. Mr. Gonzaga-Ceja allegedly claimed to be a citizen and national of Mexico with no legal right

1   to be or remain in the United States. Mr. Gonzaga-Ceja then explained that an unidentified person (who was
2   never located) brought a horse to the border fence and switched places with Mr. Gonzaga-Ceja, so that
3   Mr. Gonzaga-Ceja was on the horse, in an attempt to sneak into the United States.

4       After placing Mr. Gonzaga-Ceja under arrest, Agent Leyva was informed by the scope operator that
5   there were two other individuals in the area. Soon after, Agent Leyva and Agent Luis Gonzalez approached
6   two individuals riding on a single horse. These two riders were identified as Ernest Guerrero-Rivera and
7   Soledad Martinez-Jimenez. Mr. Guerrero-Rivera was riding on the front of the horse, with Ms. Martinez-
8   Jimenez in the rear. Both Mr. Guerrero-Rivera and Ms. Martinez-Jimenez denied knowing Mr. Gonzaga-
9   Ceja. Both were then taken into custody. Mr. Gonzaga-Ceja was taken into custody and held as a Material
10  Witness.

11      On June 5, 2008, a complaint was filed in the United States District Court for the Southern District
12  of California, charging Soledad Martinez-Jimenez and Ernest Guerrero-Rivera with violating Title 8, United
13  States Code Sec. 1324(a)(2)(B)(iii), Bringing in Aliens without Presentation.

14      On June 18, 2008, an indictment was handed down by the January 2007 Grand Jury for the Southern
15  District of California, charging both defendants with a violation of Title 8, United States Code, Sec.
16  1324(a)(2)(b)(ii) for Bringing in Illegal Aliens for Financial Gain and Aiding and Abetting, and with violating
17  Title 8, United States Code Sec. 1324(a)(1)(A)(2) for Transportation of Illegal Aliens and Aiding and
18  Abetting. Both defendants entered not guilty pleas.

19      On July 15, 2008, a Motion Hearing was heard by Magistrate Judge Leo S. Papas, in response to a
20  motion filed by Mr. Gonzaga-Ceja's appointed attorney, Wayne Mayer. Magistrate Judge Papas granted Mr.
21  Gonzaga-Ceja's motion for a video deposition, over the objection of both defendants. The deposition was
22  scheduled for July 28, 2008, with an understanding that the deposition would likely be continued.

## II.

### MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

25      At this time, Ms. Martinez-Jimenez has received 139 pages of discovery and 1 DVD. Mr. Martinez-
26  Jimenez moves for the production of the following discovery. This request is not limited to those items that
27  the prosecutor knows of, but rather includes all discovery listed below that is in the custody, control, care, or
28  knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d

1032 (9th Cir. 1989).

(1) <u>The Defendant's Statements</u>.  The government must disclose to the defendant <u>all</u> copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant, which the government intends to offer in evidence at trial -- either in its case-in-chief or in rebuttal; <u>see id.</u>, any response by the defendant to interrogation; the substance of any oral statements, which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any <u>Miranda</u> warnings, which may have been given to the defendant; as well as any other statements by the defendant.  Fed. R. Crim. P. 16(a)(1)(A)[1].  The Advisory Committee Notes and the 1991 Amendments to Rule 16 make clear that the Government must reveal <u>all</u> the defendant's statements, whether oral or written, regardless of whether the government intends to make any use of those statements.  Federal Rule of Criminal Procedure 16 is designed "to protect the defendant's rights to a fair trial."  <u>United States v. Rodriguez</u>, 799 F.2d 649 (11th Cir. 1986); <u>see also</u> <u>United States v. Noe</u>, 821 F.2d 604, 607 (11th Cir. 1987) (reversing conviction for failure to provide statements offered in rebuttal -- government's failure to disclose statements made by the defendant is a serious detriment to preparing trial and defending against criminal charges).  **This request includes, but is not limited to, all recorded conversations.**

(2) <u>Arrest Reports and Notes</u>.  The defendant also specifically requests that the government turn over all arrest reports, notes, TECS records, dispatch tapes, audio tapes, and video tapes not already produced that relate to the circumstances surrounding his arrest or any questioning.  This request includes, but is not limited to, any rough notes, records, reports, transcripts, referral slips, or other documents in which statements of the defendant or any other discoverable material is contained.  Such material is discoverable under Fed. R. Crim. P. 16(a)(1)(A) and <u>Brady v. Maryland</u>.  The government must produce arrest reports, investigators' notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the defendant. <i>See</i> Fed. R. Crim. P. 16(a)(1)(B) and (C), 26.2 and 12(I); <u>United States v. Harris</u>, 543 F.2d 1247, 1253 (9th Cir. 1976) (original notes with suspect or witness must be preserved); <u>see also</u> <u>United States v. Anderson</u>, 813 F.2d 1450, 1458 (9th Cir. 1987) (reaffirming <u>Harris</u>' holding).

---

[1] Of course, any of Ms. Martinez's statements, which are exculpatory, must be produced, as well. <u>See</u> <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).

(3) <u>Brady Material</u>. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995). Under <u>Brady</u>, <u>Kyles</u> and their progeny, impeachment, as well as exculpatory evidence, falls within the definition of evidence favorable to the accused. <u>See also</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976). This includes information obtained from other investigations which exculpates Mr. Ruiz-Gomez. Moreover, Mr. Ruiz-Gomez request all information regarding the immigration status of the material witness; a complete criminal history report of the material witness; and any reports of investigation, prior statements, prior arrest, etc. of the material witness.

(4) <u>Any Information That May Result in a Lower Sentence Under The Guidelines</u>. The government must also produce this information under <u>Brady v. Maryland</u>. This request includes any cooperation, or attempted cooperation, by the defendant, as well as any information, including that obtained from other investigations or debriefings, that could affect any base offense level or specific offense characteristic under Chapter Two of the Guidelines. The defendant also requests any information relevant to a Chapter Three adjustment, a determination of the defendant's criminal history, and information relevant to any other application of the Guidelines.

(5) <u>The Defendant's Prior Record</u>. The defendant requests disclosure of her prior record. Fed. R. Crim. P. 16(a)(1)(B).

(6) <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609. In addition, "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial and the purpose for which introduction is sought. This applies not only to evidence which the government may seek to introduce in its case-in-chief, but also to evidence which the government may use as rebuttal. <u>See</u> <u>United States v. Vega</u>, 188 F.3d 1150 (9th Cir. 1999). The defendant is entitled to "reasonable notice" so as to "reduce surprise," preclude "trial by ambush" and prevent the "possibility of prejudice." <u>Id.</u>; <u>United States v. Perez-Tosta</u>, 36 F.3d 1552, 1560-61 (11th Cir. 1994). Mr. Ruiz-Gomez requests such reasonable notice at least two weeks before trial, so as to adequately investigate and prepare for trial.

(7) <u>Evidence Seized</u>. The defendant requests production of evidence seized as a result of any search, either warrantless or with a warrant. Fed. R. Crim. P. 16(a)(1)(C).

(8) <u>Request for Preservation of Evidence</u>. The defendant specifically requests the preservation of any and all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government, and which relates to the arrest, or the events leading to the arrest, in this case. This request includes, but is not limited to, the results of any fingerprint analysis, the defendant's personal effects, any evidence seized from the defendant, or any third party in relation to this case, and all audio or video recordings of Ms. Martinez-Jimenez or any third parties related, directly or indirectly, to this case.

(9) <u>Henthorn Evidence</u>. Ms. Martinez-Jimenez requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. <u>Kyles</u>, 514 U.S. at 419; <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>United States v. Lacy</u>, 896 F. Supp. 982 (N.D. Ca. 1995). At a minimum, the prosecutor has the obligation to inquire of his agents in order to ascertain whether or not evidence relevant to veracity or other impeachment exists.

(10) <u>Tangible Objects</u>. The defendant requests the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, cellular phones, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense, or intended for use in the government's case-in-chief, or were obtained from or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(C). Specifically, to the extent they were not already produced, the defendant requests copies of all photographs in the government's possession of the vehicle, the defendants, and any other photos taken in connection with this case. **Additionally, Ms. Martinez-Jimenez moves this court to order the government to allow defense counsel to view, inspect, and copy the A-file of the material witnesses.**

(11) <u>Expert Witnesses</u>. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case-in-chief. Fed. R. Crim. P. 16(a)(1)(E). The defense requests that notice of expert testimony be provided at a minimum of three weeks prior to trial, so that the defense can properly prepare to address and respond to this testimony, including obtaining its own expert and/or investigating the opinions and credentials of the government's expert. The defense also requests a hearing in advance of trial to determine the admissibility of qualifications

of any expert. See Kumho v. Carmichael Tire Co., 119 S. Ct. 1167, 1176 (1999) (trial judge is "gatekeeper" and must determine reliability and relevancy of expert testimony and such determinations may require "special briefing or other proceedings . . .").

(12) <u>Reports of Scientific Tests or Examinations</u>. Pursuant to Fed. R. Crim. P. 16(a)(1)(F), Ms. Martinez-Jimenez requests disclosure and the opportunity to inspect, copy, and photograph the results and reports of all tests, examinations, and experiments conducted upon the evidence in this case, including, but not limited to, any fingerprint testing done upon any evidence seized in this case, that is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and that are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

(13) <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(14) <u>Impeachment Evidence</u>. The defendant requests any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. See Fed. R. Evid. 608, 609 and 613; <u>Brady v. Maryland</u>.

(15) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(16) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(17) <u>Jencks Act Material</u>. The defendant requests production in advance of trial of all material, including any tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2. Advance production will avoid the possibility of delay at the request of the defendant

to investigate the Jencks material. A verbal acknowledgment that "rough" notes constitute an accurate account of the witness' interview is sufficient for the report, or notes, to qualify as a statement under section 3500(e)(1). <u>Campbell v. United States</u>, 373 U.S. 487, 490-92 (1963); <u>see also</u> <u>United States v. Boshell</u>, 952 F.2d 1101 (9th Cir. 1991) (holding that where an agent goes over interview notes with subject interview notes are subject to Jencks Act).

(18)    <u>Giglio Information</u>. Pursuant to <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witness.

(19)    <u>Agreements Between the Government and Witnesses</u>.  In this case, the defendant requests identification of any cooperating witnesses, who have committed crimes, but were not charged, so that they may testify for the government in this case.  The defendant also requests discovery regarding any express or implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other kind of agreement or understanding, including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability between any prospective government witness and the government (federal, state and/or local).  This request also includes any discussion with a potential witness about, or advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.  **Ms. Martinez-Jimenez further requests disclosure of <u>all</u> arrangements between the material witness and the government.**

Pursuant to <u>United States v. Sudikoff</u>, 36 F.Supp.2d 1196 (C.D. Cal. 1999), the defense requests <u>all</u> statements made, either personally or through counsel, <u>at any time</u>, which relate to the witnesses' statements regarding this case, any promises -- implied or express -- regarding punishment/prosecution or detention of these witnesses, any agreement sought, bargained for, or requested on the part of the witness at any time.

(20)    <u>Informants and Cooperating Witnesses</u>. To the extent that there was any informant, or any other tip leading to a TECS hit in this case, the defendant requests disclosure of the names and addresses of all informants, or cooperating witnesses, used, or to be used, in this case, and in particular, disclosure of any informant who was a percipient witness in this case, or otherwise participated in the crime charged against Ms. Martinez-Jimenez. The government must disclose the informant's identity and location, as well as the

existence of any other percipient witness, unknown or unknowable, to the defense. Roviaro v. United States, 353 U.S. 53, 61-62 (1957). The government must disclose any information derived from informants, which exculpates, or tends to exculpate, the defendant.

(21) <u>Bias by Informants or Cooperating Witnesses</u>. The defendant requests disclosure of any information indicating bias on the part of any informant or cooperating witness. <u>Giglio v. United States</u>. Such information would include what, if any, inducements, favors, payments, or threats were made to the witness to secure cooperation with the authorities.

(22) <u>Residual Request</u>. Ms. Martinez-Jimenez intends, by this discovery motion, to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States. Ms. Martinez-Jimenez requests that the government provide her attorney with the above-requested material sufficiently in advance of trial to avoid unnecessary delay prior to cross-examination.

### III.

### REQUEST FOR LEAVE TO FILE FURTHER MOTIONS

As new information surfaces due to the government providing discovery in response to these motions, or an order of this Court, defense may find it necessary to file further motions, or to supplement existing motions with additional facts. The denial of this motion will result in a violation, at a minimum, of Ms. Martinez-Jimenez's Fifth and Sixth Amendment rights. Therefore, defense counsel requests the opportunity to file further motions based upon information gained from discovery.

### IV.

### CONCLUSION

For the foregoing reasons, Ms. Martinez-Jimenez respectfully requests that the Court grant the above motions.

Respectfully submitted,

Dated: July 23, 2008

/s/ Victor Pippins
**VICTOR PIPPINS**
Federal Defenders of San Diego, Inc.
Attorneys for Soledad Martinez-Jimenez
Victor_Pippins@fd.org