```
1   SCOTT PACTOR
    California State Bar No. 216629
2   110 W. C st. Ste. 2108
    San Diego, CA. 92101
3   Phone 619 260 2636
    Fax 619 260 0058
4   Email scottpactor@yahoo.com

5   Attorney for Defendant Ernest Guerrero
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE IRMA E. GONZALEZ**)

| UNITED STATES OF AMERICA, | ) Date: August 4th, 2008 |
| --- | --- |
| Plaintiff, | ) Time: 2: 00 P.M. |
| vs. | ) Case No.: 08cr2034-IEG |
| | ) |
| Ernest Guerrero, | ) **NOTICE OF MOTION AND MOTIONS:** |
| Defendant | ) **1) TO COMPEL MOTIONS;  AND** |
| | ) **2)  LEAVE TO FILE FURTHER MOTIONS** |

**TO:   Karen Hewitt, United States Attorney for the District of Arizona and Steve Miller, Assistant United States Attorney**

Please take notice that on August 4th, 2008 or as soon thereafter, the defendant Ernest Guerrero, by and through counsel, Scott Pactor will ask this Court to enter an order granting the following motions.

1

**Motions**

The defendant, Ernest Guerrero, by and through his attorney Scott Pactor, pursuant to the United States Constitution and all other applicable laws, hereby moves this Court for an order:

1) To Compel Discovery
2) Leave to File Further Motions

Respectfully Submitted,

/s Scott Pactor

Dated: July 30th, 2008          Scott Pactor
                                *Attorney for*
                                *Ernest Guerrero*

SCOTT PACTOR
California State Bar No. 216629
110 W. C st. Ste. 2108
San Diego, CA. 92101
Phone 619 260 2636
Fax 619 260 0058
Email scottpactor@yahoo.com

*Attorney for Defendant Ernest Guerrero*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE IRMA E. GONZALEZ**)

| UNITED STATES OF AMERICA, | ) Date: August 4th, 2008 |
|---|---|
| Plaintiff, | ) Time: 2: 00 P.M. |
| vs. | ) Case No.: 08cr2034-IEG |
| Ernest Guerrero, | ) **NOTICE OF MOTION AND MOTIONS:** |
| Defendant | ) **1) TO COMPEL MOTIONS; AND** |
| | ) **2) LEAVE TO FILE FURTHER MOTIONS** |

TO:  Karen Hewitt, United States Attorney for the District of Arizona and Steve Miller, Assistant United States Attorney

I.

**STATEMENT OF THE CASE**

On June 5th, a complaint was filed in the United States District for the Southern District of California, charging Ernest Guerrero-Rivera and Soledad Martinez-Jimenez with

3

violating Title 8 United States Code Sec. 1324(a)(2)(B)(iii), Bringing in aliens without presentation.

On June 18th, 2008 an indictment was handed down by the January 2007 Grand Jury for the Southern District of California, charging both defendants with a violation of Title 8, United States Code, sec. 1324(a)(2)(b)(ii) for Bringing in Illegal Aliens for Financial Gain and Aiding and Abetting, and with violating Title 8, United States Code Sec. 1324(a)(1)(A)(2) for Transportation of Illegal Aliens and Aiding and Abetting. Both defendants entered not guilty pleas.

On July 15th, 2008, a Motion Hearing was held in front of Magistrate Judge Leo S. Papas in response to a Motion for Video Taped Deposition, over the objection of both defendants. (Motion for Video Taped Deposition, PACER #18, 6/23/08; Opposition to Motion for Video Taped Deposition, PACER #20, 7/14/08.) The Motion by the Attorney for the Material Witness was granted, and the video taped deposition was scheduled for July 28th, 2008.

The deposition was held on July 28th, 2008 and on July 29th, 2008 Mr. Guerrero-Rivera filed an Opposition to Request for Order to Release Material Witness, Jose Gonzaga. (PACER #27, 7/29/08.)

At the deposition, the material witness testified that he had flown to Tijuana from Jalisco approximately two weeks prior to his apprehension on June 3rd. He testified that he checked into a hotel near downtown and a man named "El Verde" came to

4

see him.  Omar, Mr. Gonzaga's brother, made  the arrangementa with El Verde.  Gonzaga attempted to cross for the first time a week after his arrival in Tijuana.  He crossed on foot, not on horseback, with a small group of people, near the hills by the San Ysidro port of entry.  He was caught and returned to Tijuana.  He waited another week in the hotel, then El Verde brought him cowboy boots and told him he was going to be crossing on horse back.

Gonzaga was taken to the border in a taxi at around 5 P.M. on June 3d.  He is unfamiliar with the streets in Tijuana, but knew he was close to the ocean because he could see the Tijuana Bull Ring.  Gonzaga said he is familiar with the Bull Ring as a landmark.  Using a combination of color photographs and a topographical map, Gonzaga indicated that he crossed into  border state park, east of Monument Ave. but West of the entrance to Goat Canyon.

Gonzaga testified that when he crossed, two riders were on a horse, approximately 10 meters away.  A second horse with one rider approached him.  The rider of the second hor se dismounted, handed Gonzaga a hat, and hopped back into the fence into Mexico.  The rider of the horse with two people on it (identified as the defendants) made a waving gesture towards him.  Gonzaga first rode parallel to the border on a well ma rked path, then turned north on an unpaved road.  Gonzaga was thrown from the horse at a location he recognized by identifying

photographs as a north/south dirt path, where the homes south of the border were clearly within sight. Agent Leyva apprehended him while he was walking north on the dirt path.

In Leyva's report, there is an "Addendum" where scope operator Monica Monroy made her own statement. She stated that she saw a horse with one rider separate from the horse with two riders and travel down to the border were, "the single rider headed south in the creek bed area. The single rider was riding on a trial that leads behind a hill to an area known as "the Bunkers Hill" and was out of my view… A few minutes later, the single rider came back north out of the brush and headed back to the couple on the horse. Monroy dropped her observation to view other areas, and looked back some time later, at which point she observed that the single rider had fallen off his horse.

Gonzaga also testified that he had been in the United States from 2006 through November 2007, living in San Diego, at which point he was deported. His brother lives in San Diego and he knows people from his last time living here.

**II.**

**Request for Discovery**

To date, the defendant has received 139 pages of discovery and 1 DVD. The defendant had conducted informal discovery conference prior to the Material Witness deposition, specifically for a fuller immigration history search for the material witness, but that information was not produced.

(1)  <u>The Defendant's Statements</u>  The government must disclose to the defendant all copies of any written or recorded statements made by the defendant; the substance of any statements made by the defendant, which the government intends to offer in evidence at trial—either in its case in chief or rebuttal; any response by the defendant to interrogation; the substance of any oral statements, which the government intends to introduce at trial, and any written summaries of the defendant's oral statements contained in the handwritten notes of the government agent; any response to any Miranda warnings which may have been given to the defendant; as well as any other statements by the defendant. Fed. R. Crim. P. 16(a(1)(A).

(2)  <u>Arrest Reports and Notes</u>.  The defendant requests that the Government turnover all arrest reports, notes, TECS records, dispatch tapes, audio tapes, and any video tapes not already produced that relate to the circumstances surrounding his arrest or any questioning.

(3)  <u>Brady Material</u>  The defendant requests all documents, statements, agents' reports and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the governments case. <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).  Under <u>Brady</u>, <u>Kyles</u> and their progeny, impeachment, as well as exclupatory evidence, falls within the definition of evidence favorable to the accused.  <u>See</u> <u>also</u> <u>United States v. Bagley</u>, 473 U.S. 667 (1985).  Mr. Guerrero already informally

requested all information regarding the immigration status of the material witness; a complete criminal history report of the material witness; and any reports of investigations, prior statements, prior arrest, etc. of the material witness.

Mr. Guerrero brought up this specific issue in his moving papers in opposition to the motion for deposition and also raised it in from of the magistrate during the hearing on the motion for video taped deposition that was granted. At the hearing AUSA Miller represented that he was unaware of any requests for the immigration or criminal history of their material witness, however his entry as the attorney on the case post-dates the filing of Mr. Guerrero's Motion in Opposition to the Motion for Video Taped deposition. Today, he filed a separate Opposition to Request for Order Releasing Material Witness. It has been and will continue to be the position of Mr. Guerrero that further time for investigation into the material witnesses criminal and immigration history is required.

Should the material witness be released before the government has a chance to fully comply with its Brady obligations, Mr. Guerrero will file a motion to dismiss the indictment for <u>Brady</u> violations and violations to Mr. Guerrero's sixth amendment right of confrontation at a later date.

(4) <u>Any Proposed 404(b) Evidence</u>. The government must produce evidence of prior similar acts under Fed R. Crim P. 16(a)(1)(C) and Fed. R. Evid. 404(b)and 609. Mr. Guerrero

requests the court set a "cut-off" date for disclosure of 404(b) evidence.

(5) <u>Tangible Objects</u>. The defendant requests the opportunity to inspect and copy, as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, cellular phones, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense, or intended for use in the government-case-in-chief. Mr. Guerrero specifically requests that the court order the government to allow defense counsel to view, inspect, and copy the A-file of the material witness.

(6) <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his or her testimony.

(7) <u>Agent Misconduct Information</u>. Pursuant to <u>Henthorn</u>, Mr. Guerrero requests that AUSA Miller oversee a review of all personnel files of each agent involved in the present case for impeachment material. <u>United States v. Henthorn</u>, 931 F. 2d 29(9th Cir. 1991).

(8) <u>Evidence Affecting Perception, Recollection, Ability to Communicate or Truth Telling</u>. Defense requests any evidence relating to the location of Agent Montoy when she was viewing the incident from her remote location. Specifically, defense

requests the position from which she observed the incident, and the equipment that she utilized to make those observations.

(9) <u>Agreements Between the Government and Witnesses</u>.  In this case, the defendant requests identification of any cooperating witnesses, who have committed crimes, but were not charged, so that they may testify for the government in this case.  The defendant also requests discovery regarding any express or implicit promise; understanding; offer of immunity; past, present, or future compensation; or any other kind of agreement or understanding.  This request also includes any discussion with a potential witness about, or advice concerning, any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed.  This request specifically includes disclosure of all arrangements made between the material witness and the government.

(10) <u>Bias by Informants or Cooperating Witnesses</u>.  The defendant requests disclosure of any information indicating bias on the part of any cooperating witness.

(11) <u>Residual Request.</u>  Mr. Guerrero intends, by this discovery motion to invoke her rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.  Mr. Guerrero requests that the government provide his attorney with the material sufficiently in advance of trial to avoid unnecessary delay during cross-examination.

### III.

### **REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Guerrero is requesting leave of file further motions. In the event that the material witness is released prior to the opportunity of defense counsel to question him about prior immigration contacts and/or criminal history, Mr. Guerrero requests leave to file a motion to dismiss based on violations of the Brady requirements and his 6th Amendment Confrontation Clause rights.

### IV.

### **CONCLUSION**

For the foregoing reasons, Mr. Guerrero respectfully requests that this Court grant his motions.

Respectfully Submitted,

/s Scott Pactor

Dated:   July 30th, 2008          Scott Pactor
                                  *Attorney for*
                                  *Ernest Guerrero*

**CERTIFICATE OF SERVICE**

I, Scott Pactor, hereby certify to the best of my information and belief that by having e-filed the "MOTION TO COMPEL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS" I have caused a copy of each to have been served via electronic mail upon the following:

Victor_Pippins@fd.org (Victor Pippens), Efile.dkt.gc2@usdoj.gov (Michelle Petit), Wayne Mayer (efiling), Wayne Mayer.

DATED: 7/30/08

                                        Respectfully Submitted,

                                        /s Scott Pactor
                                        Scott Pactor
                                        Attorney for
                                        Ernest Guerrero

