```
 1  KAREN P. HEWITT
    United States Attorney
 2  STEVE MILLER
    ANNE KRISTINA PERRY
 3  Assistant U.S. Attorney
    California State Bar No. 138020
 4  880 Front Street, Room 6293
    San Diego, California 92101-8893
 5  Telephone: (619) 557-5432
    email: steve.miller2@usdoj.gov
 6

 7  Attorneys for Plaintiff
    United States of America
 8
```

                    UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Criminal No. 08CR2034 IEG |
|---|---|---|
| Plaintiff, | ) | DATE: August 18, 2008 |
| | ) | TIME: 2:00 pm |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE AND |
| ERNEST GUERRERO, | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTIONS TO |
| Defendant. | ) | |
| | ) | (1) COMPEL FURTHER DISCOVERY |
| | ) | (2) FILE FURTHER MOTIONS |
| | ) | |
| | ) | Together with Statement of Facts, |
| | ) | Memorandum of Points and |
| | ) | Authorities, and Government's |
| _____ | ) | Motion for Reciprocal Discovery |

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, KAREN P. HEWITT, United States Attorney, and Anne Kristina Perry and Steve Miller, Assistant United States Attorneys and hereby files its response and opposition to defendant's above-referenced motions. This response and opposition is based upon the files and records of the case, together with the attached statement of facts and memorandum of points and authorities. The Government also hereby files its motion for reciprocal discovery.

//

//

**I.**

**STATEMENT OF FACTS**

On June 3, 2008, while conducting Border Patrol Linewatch operations, Horse Patrol Agent Leyva responded to a seismic sensor in the area, about 5 miles west of the San Ysidro Port of Entry and about 200 yards north of the international border. Agent Leyva encountered an individual, later identified as Jose Gonzaga-Ceja. Gonzaga-Ceja advised that he was a citizen of Mexico, and had no papers to be in the United States legally. He also advised that he was being smuggled into the U.S. on horseback. Leyva placed Gonzaga-Ceja under arrest.

Leyva received a radio call that there were two other subjects on horseback in the same area. He located the individuals, who were riding on a single horse. The man was the defendant, ERNEST GUERRERO, and the woman was Soledad Martinez-Jimenez. Soledad identified herself as a U.S. citizen. She also advised that she had just served time for aiding and abetting illegal aliens. GUERRERO and Martinez said they didn't know Gonzaga-Ceja, but he had been trying to attach himself to them. GUERRERO said the horse he was riding belonged to him, but later stated it belonged to his cousin. He admitted having seen Gonzaga-Ceja at the stables.

**II.**

**POINTS AND AUTHORITIES**

**A.   DEFENDANT'S DISCOVERY MOTION**

The defendant has received discovery in this case. The following responds to the defendant's specific requests:

1.   <u>The Defendant's Statements</u>

The Government has produced arrest reports disclosing the substance of all oral and written statements of the Defendants. The

1  Government will continue to produce discovery related to Defendant'
2  statements made in response to questions by Government agents.  The
3  Government notes that Defendant was advised of his Miranda rights
4  twice, and Defendant invoked his right to remain silent.  The
5  Government has already turned over the law enforcement reports
6  containing the substance of Defendant's pre-arrest statements.

      2.   Arrest Reports, Notes and Dispatch Tapes

8      The Government has provided the Defendant with arrest reports.
9  Relevant oral statements of Defendant are included in the reports
10 already provided.  Agent rough notes, if any exist, will be preserved,
11 but they will not be produced as part of Rule 16 discovery.

12     A defendant is not entitled to rough notes because they are not
13 "statements" within the meaning of the Jencks Act unless they
14 compromise both a substantially verbatim narrative of a witness'
15 assertions and they have been approved or adopted by the witness.
16 United States v. Bobadilla-Lopez, 954 F.2d 519 (9th Cir. 1992); United
17 States v. Spencer, 618 F.2d 605 (9th Cir. 1980); see also United
18 States v. Griffin, 659 F.2d 932 (9th Cir. 1981).

      3.   Brady Material

20     The Government will comply with its obligation under Brady v.
21 Maryland, 373 U.S. 83 (1963).

      4.   404(b) Evidence

23     The Government will provide the defendant with notice and any
24 404(b) evidence.

25 //
26 //
27 //
28 //

### 5. Tangible Objects

The Government will provide copies of and/or an opportunity to inspect all documents and tangible things material to the defense, intended for use in the Government's case in chief, or seized from Defendant.

The Government will try to preserve all evidence to which Defendant is entitled, but objects to any global request for preservation of all evidence as contrary to <u>Arizona v. Youngblood</u>, 488 U.S. 51, 57 (1988) (improper and unwise to impose on the government "an undifferentiated and absolute duty to retain and to preserve all material that might be of conceivable evidentiary significance in a particular prosecution").

### 6. Impeachment Evidence

The Government will comply with its obligations to disclose impeachment evidence under <u>Giglio v. United States</u>, 405 U.S. 150 (1972). The Government will also provide the criminal history and prior <u>material</u> acts of misconduct, if any, of its trial witnesses as mandated in <u>Giglio</u>. The Government also agrees to provide information related to the bias, prejudice or other motivation of Government trial witnesses as required in <u>Napue v. Illinois</u>, 360 U.S. 264 (1959). In addition, the Government will disclose all impeachment material, if any, when it files its trial memorandum, although it is not required to produce such material until after its witnesses have testified at trial. <u>United States v. Bramble</u>, 103 F.3d 1475 (9th Cir.1996). The United States fully recognizes its obligation to disclose evidence of bias or motive to lie, or problems in witness perception, if any is known to exist.

//

4

7. <u>Agent Misconduct Information</u>

The United States will comply with <u>United States v. Henthorn</u>, 931 F.2d 29, 30 (9th Cir. 1991), which the Ninth Circuit has held to <u>not</u> require the Assistant United States Attorney to personally review the personnel files of government agents. <u>United States v. Jennings</u>, 960 F.2d 1488, 1492 (9th Cir. 1992), <u>reaff'd by</u> <u>United States v. Herring</u>, 83 F.3d 1120, 1122 (9th Cir. 1996).

8. <u>Agreements Between the Government and Witnesses</u>

To date there are no agreements between the Government and any of its witnesses. If there are any made, they will be disclosed.

9. <u>Bias of Informants or Cooperating Witnesses</u>

The Government will comply with <u>Giglio v. United States</u>, 405 U.S. 150 (1972). It must be noted that this case is a case which did not utilize the services of informants.

10. <u>Residual Request</u>

The Government will comply will all rules of discovery.

**B.   THE REQUEST TO FILE ADDITIONAL MOTIONS IS SUBMITTED**

Defendant's request to file additional motions is submitted to the sound discretion of this Honorable Court.

**III.**

**THE GOVERNMENT'S MOTION FOR RECIPROCAL DISCOVERY SHOULD BE GRANTED**

The Government moves for all discovery to which it is entitled under Fed. R. Crim. P. 16(b) and 26.2.

//
//
//
//

5

## IV.

## CONCLUSION

For the above stated reasons, the Government respectfully requests that the Defendant's motions be denied, except where unopposed, and the Government's motion for reciprocal discovery be granted.

DATED: August 14, 2008

Respectfully submitted,

KAREN P. HEWITT
United States Attorney

/s/ Anne Perry for

STEVE MILLER
Assistant U.S. Attorney

6

|   |   |   |
|---|---|---|
| 1 | UNITED STATES OF AMERICA | |
| 2 | SOUTHERN DISTRICT OF CALIFORNIA | |

```
UNITED STATES OF AMERICA,        )     Criminal Case No. 07cr1823-H
                                 )
          Plaintiff,             )
                                 )     CERTIFICATE OF SERVICE
v.                               )
                                 )
JULIA GALINDO-PEREZ,             )
                                 )
          Defendant.             )
_____)
```

IT IS HEREBY CERTIFIED THAT:

I, Steve Miller, am a Citizen of the United States over the age of eighteen years and a resident of San Diego county, California. My business address is 880 Front Street, San Diego, California 92101-8893. I am not a party to the above-entitled action. I have caused service of the Government's Response and Opposition to Defendant's Motions on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF system, which electronically notifies them.

1. Scott Pactor

I hereby certify that I have caused to be mailed the foregoing, by the United States Postal Service, to the following non-EFC participants on this case n/a the last known address, at which place there is delivery service of mail from the United States Postal Service.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 14, 2008

                                                  s/Steve Miller
                                                STEVE MILLER