SCOTT PACTOR
California State Bar No. 216629
110 W. C st. Ste. 2108
San Diego, CA. 92101
Phone 619 260 2636
Fax 619 260 0058
Email scottpactor@yahoo.com

*Attorney for Defendant Ernest Guerrero*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE IRMA E. GONZALEZ**)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br>      vs.<br><br>Ernest Guerrero,<br><br>            Defendant | Date: Sept. 15th, 2008<br>Time: 11: 30 A.M.<br>Case No.: 08cr2034-IEG<br><br>**NOTICE OF MOTION AND MOTIONS:**<br>**1) TO DISMISS COUNT ONE OF THE INDICTMENT; AND**<br>**2)  FOR DISCOVERY**<br>**3) FOR SEVERANCE OF DEFENDANTS**<br>**4) LEAVE TO FILE FURTHER MOTIONS** |

**TO:   Karen Hewitt, United States Attorney for the District of Arizona and Steve Miller, Assistant United States Attorney**

    Please take notice that on September 15th, 2008 or as soon thereafter, the defendant Ernest Guerrero, by and through counsel, Scott Pactor will ask this Court to enter an order granting the following motions.

1

## **Motions**

The defendant, Ernest Guerrero, by and through his attorney Scott Pactor, pursuant to the United States Constitution and all other applicable laws, hereby moves this Court for an order:

1) To Dismiss Count 1 of the indictment pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B) for a defect in the indictment.

2) To Compel Discovery of the Scope Location.

3) For Severance from the co-defendant.

4) For Leave to File Further Motions.

Respectfully Submitted,

/s Scott Pactor

Dated: August 25th, 2008           Scott Pactor
                                   *Attorney for*
                                   *Ernest Guerrero*

SCOTT PACTOR
California State Bar No. 216629
110 W. C st. Ste. 2108
San Diego, CA. 92101
Phone 619 260 2636
Fax 619 260 0058
Email scottpactor@yahoo.com

*Attorney for Defendant Ernest Guerrero*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE IRMA E. GONZALEZ**)

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　vs.<br>Ernest Guerrero,<br>　　　　Defendant | Date: Sept. 15th, 2008<br>Time: 11: 30 a.M.<br>Case No.: 08cr2034-IEG<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES** |

TO: Karen Hewitt, United States Attorney for the District of Arizona and Steve Miller, Assistant United States Attorney

I.

**STATEMENT OF THE CASE**

On June 5th, a complaint was filed in the United States District for the Southern District of California, charging Ernest Guerrero-Rivera and Soledad Martinez-Jimenez with violating Title 8 United States Code Sec. 1324(a)(2)(B)(iii), Bringing in aliens without presentation.

On June 18th, 2008 an indictment was handed down by the January 2007 Grand Jury for the Southern District of California, charging both defendants with a violation of Title 8, United States Code, sec. 1324(a)(2)(b)(ii) for Bringing in Illegal Aliens for Financial Gain and Aiding and Abetting, and with violating Title 8, United States Code Sec. 1324(a)(1)(A)(2) for Transportation of Illegal Aliens and Aiding and Abetting. Both defendants entered not guilty pleas.

At the deposition, the material witness testified that he had flown to Tijuana from Jalisco approximately two weeks prior to his apprehension on June 3rd. He testified that he checked into a hotel near downtown and a man named "El Verde" came to see him. Omar, Mr. Gonzaga's brother, made the arrangements with El Verde. Gonzaga attempted to cross for the first time a week after his arrival in Tijuana. He was caught and returned to Tijuana. He waited another week in the hotel, then El Verde brought him cowboy boots and told him he was going to be crossing on horse back.

Gonzaga was taken to the border in a taxi at around 5 P.M. on June 3rd. He is unfamiliar with the streets in Tijuana, but knew he was close to the ocean because he could see the Tijuana Bull Ring. Gonzaga said he is familiar with the Bull Ring as a landmark. Using a combination of color photographs and a topographical map, Gonzaga indicated that he crossed into border

4

state park, east of Monument Ave. but West of the entrance to Goat Canyon.

Gonzaga testified that when he crossed, two riders were on a horse, approximately 10 meters away. A second horse with one rider approached him. The rider of the second horse dismounted, handed Gonzaga a hat, and hopped back into the fence into Mexico. The rider of the horse with two people on it (identified as the defendants) made a waving gesture towards him. Gonzaga first rode parallel to the border on a well marked path, then turned north on an unpaved road. Gonzaga was thrown from the horse at a location he recognized by identifying photographs as a north/south dirt path, where the homes south of the border were clearly within sight. Agent Leyva apprehended him while he was walking north on the dirt path.

In Leyva's report, there is an "Addendum" where scope operator Monica Monroy made her own statement. She stated that she saw a horse with one rider separate from the horse with two riders and travel down to the border were, "the single rider headed south in the creek bed area. The single rider was riding on a trial that leads behind a hill to an area known as "the Bunkers Hill" and was out of my view… A few minutes later, the single rider came back north out of the brush and headed back to the couple on the horse. Monroy dropped her observation to view other areas, and looked back some time later, at which point she observed that the single rider had fallen off his horse.

**II.**

**Motion to Dismiss Count One of the Indictment**

Mr. Guerrero is charged in count one of the indictment with a violation of Title 8, United States Code, sec. 1324, subdivision (a)(2)(b)(ii), Bringing in Illegal Aliens for Financial Gain and Aiding and Abetting.

He requests that the Court dismiss Count One of the indictment on the grounds that it is defective in that it fails to state an offense as required by United States v. Lopez, 484 F. 3d. 1186 (9th Cir. 2007), as well as the Court's recent holding in United States v. Hernandez-Orellana, United States v. Hernandez-Orellana, --- F.3d ----, 2008 WL 3852623 (9th. Cir. 2008.) The government has not properly alleged a crime under Title 8, United States Code, sec. 1324(a)(2)(b)(ii) charging that the defendants either:

(1)  Brought the material witness to the United States.

(2)  Aided or Abetted another in the bringing of the material witness to the United States.

Taking into consideration the language of the indictment, the court should dismiss Count one.

**A.   The Bringing To Offense Charged in Count One Terminates At the Time The Alien Was "Dropped Off" in the United States**

In Lopez, the Court faced the question of:

"[W]hether a driver who transports a group of illegal aliens from a drop-off point in the United States to another destination in this country commits only the offense of transporting aliens "within" the United States or whether that individual is also guilty of the additional offense of aiding and abetting the crime of "bringing" the aliens "to" the United States. United States v. Lopez, 484 F.3d 1186, 1187 (9th. Cir. 2007)(*en banc*)

The precise holding in Lopez is that, "the (bringing to) offense continues until the initial transporter drops off the aliens on the U.S. side of the border. At that point the offense ends." Lopez 484 F. 3d at 1188. This holding was reaffirmed and amplified less then a week ago in United States v. Hernandez-Orellana, --- F.3d ----, 2008 WL 3852623 (9th. Cir. 2008.)

Hernandez involved a close review of the facts in a case where the defendant had been convicted after jury trial of both conspiracy to bring in illegal aliens in violation of Title 18 section 371 as well as Title 8, United States Code, sec. 1324(a)(2)(b)(ii). United States v. Hernandez-Orellana, --- F.3d ----, 2008 WL 3852623 *1 (9th. Cir. 2008.) The facts in Hernandez were straight forward. *See* id.

On June 19, 2005, Hernandez was caught driving an SUV with ten undocumented aliens through the Interstate 15 Temecula Border Patrol checkpoint located between San Diego and Los

7

Angeles, California. *See* id.  Hernandez was identified, questioned, and released. *See* id.

Approximately one month later, authorities received a tip concerning alien smuggling at a San Diego "load house" just north of the United States-Mexico border.  *See* id. Agents responded and observed co-defendant Drewry heading toward a white Toyota Tundra SUV, which she subsequently entered. *See* id. Agents observed Hernandez accompanying two individuals to the vehicle who were later confirmed as undocumented aliens. *See* id. The aliens climbed in the back of the Tundra, and Hernandez entered the front passenger door. *See* id.

Drewry and Hernandez were arrested driving away from the house. *See* id. In a maroon Toyota Tundra, which agents later determined was registered to Hernandez, Border Patrol agents recovered an incriminating ledger. The ledger documented smuggling activities from Mexico to California from approximately June 30, 2005, until July 15, 2005. *See* id. Material witnesses testified to interactions with the defendants inside the load house. *See* id. at *2.

The decision carefully distinguishes the difference between liability under an adding and abetting theory grounded on a violation of Title 1324, Subdivision(a)(2)(b)(ii) and a violation of Title 18 Section 371. United States v. Hernandez-Orellana, 2008 WL 3852623 *11.  The Court held that the jury

could not find a violation of the substantive "bringing to" offense:

"Because Drewry and Hernandez engaged in "the mere act of picking up aliens at a location near the border and transporting them within the United States," we are compelled by *Lopez* to find that they are not criminally liable under the theories alleged in the substantive "bringing to" counts." *See* id.

Therefore, the convictions for the violation of Title 1324, Subdivision(a)(2)(b)(ii) were reversed. The Court also distinguished the facts in <u>Hernandez</u> from a case with similar facts where the "bringing to" conviction was upheld under an aiding and abetting theory. <u>United States v. Hernandez-Orellana</u>, 2008 WL 3852623 *12; *citing* <u>United States v. Singh</u>, 532 F. 3d 1053 (9th Cir. 2008).

**B. The Language in Count One of the Indictment is Defective Because it Alleges Insufficient to State a Claim Under Current Law**

Count one of the indictment reads in full:

On or about June 3, 2008, within the Southern District of California, defendants SOLEDAD MARTINEZ-JIMENEZ, aka Soledad Martinez-Sandoval and ERNEST GUERRERO-RIVERA, with the intent to violate the immigration laws of the United States, knowing and in reckless disregard of the fact that an alien, namely, Jose Guadalupe Gonzaga-Ceja had not received prior official authorization to come to, enter and reside in the United States, did bring to the United States said alien for the purpose of commercial advantage and private financial gain; in violation of Title 8, United States Code Section 1324(a)(2)(B)(ii), and Title 18, United States Code, section 2.

This language fails the analysis of Lopez confirmed by the Court in Hernandez, "[P]ost- *Lopez,* because the superseding indictment was specific as to the identity of the aliens and the precise date when they crossed the border, the mere fact that Drewry and Hernandez had transported the aliens after they were "dropped off" was no longer sufficient to sustain their convictions." United States v. Hernandez-Orellana, *supra*, 2008 WL 3852623 *13.

Furthermore, the government has no facts to suggest a level of participation b Mr. Guerrero beyond transporting the aliens after they were dropped off. The observing border agent, looking through her scope, did not see the alien enter. At the material witness deposition, the alien testified, under oath, that he crossed over the border fence and saw two people on horseback waving or gesturing towards him. Mr. Guerrero invoked his right to remain silent, there were no documents in his possession linking him to other instances of smuggling.

The factual scenario in this case is on point with the facts in Lopez. There, after completion of the "brings to" offense, Lopez twice spoke to a person who might have been the transporter. United States v. Lopez, 484 F. 3d. 1186, 1200 (9th Cir. 2007.) This fact alone, however, did not provide sufficient evidence of aiding and abetting because it could not establish that the defendant "knowingly and intentionally commanded, counseled, or encouraged the initial transporter to commit the

'brings to' offense." *See* id.  Also merely showing that Lopez knew someone who was involved with a smuggling operation in some unknown way or that moving the aliens within the United States after the fact of smuggling was, "insufficient to show that she had the specific intent to bring about the "brings to" offense or that she aided and abetted someone." *See* id.

Here, the Government can only show that there was a smuggling scheme, but lack any direct evidence of the connection of the defendants in such a manner that would constitute "aiding and abetting."  For that, reason, count one of the indictment must be dismissed.

### C.    CONCLUSION

The course of action urged by Mr. Guerrero does not limit the Government's ability to prosecute the defendants. The Government could proceed merely on count two or supercede, presumably with a conspiracy charge in place of the dismissed count one.  In any event, the law of this Circuit compels the Court to dismiss Count one of the indictment.

### III.

### MOTION TO COMPEL DISCLOSURE OF SCOPE LOCATION

Mr. Guerrero reiterates his earlier request for any evidence relating to the location of Agent Montoy when she was viewing the incident from her remote location.  Specifically, defense requests the position from which she observed the

incident, and the equipment that she utilized to make those observations.

Government counsel has indicated that it may assert "privilege" in regards to this information. Mr. Guerrero requests an *in camera* hearing to see whether there might be some way to produce this discovery in conjunction with an order limiting disclosure of that information. Should this motion be denied, Mr. Guerrero will file a motion to suppress evidence from the scope operator on the grounds of lack of foundation.

Mr. Guerrero objects to any successful assertion of privilege as being a violation to his right to confrontation of hostile witnesses as required by the Sixth Amendment to the United States Constitution. The failure to disclose the requested information will present severe prejudice to his right to challenge the perception and observation of the scope operator. The jury will no doubt be left with the impression of some kind of near omnipotence, when in fact a careful cross examination might demonstrate the impossibility of some of the particular observations.

**IV.**

**MOTION FOR SEVERANCE**

Mr. Guerrero invoked his right to remain silent and his co-defendant did not. The co-defendant in this case has prior convictions for alien smuggling, Mr. Guerrero does not. Mr. Guerrero requests severance from his co-defendant on the grounds

12

that admission of his co-defendants statements without recourse to cross-examination will severely prejudice his rights. Prejudice from the admission of co-defendant's statements is a well-established reason for the granting of a severance motion made pursuant to Rule 14. *See* Fed. R. Crim. Pro. Rule 14, *advisory committee notes 1966 Amendment*, *citing* Schaffer v. United States, 221 F. 2d 17(5th Cir. 1955.)

Mr. Guerrero requests to reserve ruling and argument on this subject until after the resolution of his co-defendant's motion to suppress statement.

**V.**

**REQUEST FOR LEAVE TO FILE FURTHER MOTIONS**

Mr. Guerrero is requesting leave to file further "motions in limine" regarding the conduct of the trial. Resolution of those motions can easily be accomplished on the morning of trial.

VI.

**CONCLUSION**

For the foregoing reasons, Mr. Guerrero respectfully requests that this Court grant his motions.

                                              Respectfully Submitted,

                                              /s Scott Pactor

Dated:  August 25th, 2008        Scott Pactor
                                              *Attorney for*
                                              *Ernest Guerrero*

**CERTIFICATE OF SERVICE**

I, Scott Pactor, hereby certify to the best of my information and belief that by having e-filed the "MOTION TO COMPEL DISCOVERY AND LEAVE TO FILE FURTHER MOTIONS" I have caused a copy of each to have been served via electronic mail upon the following:

Victor_Pippins@fd.org (Victor Pippens), Efile.dkt.gc2@usdoj.gov (Michelle Petit), Wayne Mayer (efiling), Wayne Mayer.

DATED: August 25rd 2008

Respectfully Submitted,

/s Scott Pactor
Scott Pactor
Attorney for
Ernest Guerrero